**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GREEN RIVERSIDE, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:17-CV-396-L** |
| | § | |
| **BLACK JACK OIL COMPANY, INC. and KEVIN L. WILSON,** | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are Plaintiff's Motion for New Trial to Provide for Amend[ed] Petition [sic] (Doc. 32), filed March 20, 2018, and Defendants' Joint Reply to Plaintiff's Motion for New Trial (Doc. 33), filed April 10, 2018. After careful consideration of the motion, response, record, and applicable law, and for the reasons stated herein, the court **grants** Plaintiff's Motion for New Trial to Provide for Amend[ed] Petition [sic] (Doc. 32).

## I. Procedural and Factual Background

Green Riverside, Inc. ("Plaintiff" or "Green Riverside") filed this action against Black Jack Oil Company, Inc. ("Black Jack") and Kevin L. Wilson ("Wilson") (collectively, "Defendants") on February 10, 2017, asserting claims for breach of contract, unjust enrichment, fraud, and breach of fiduciary duties that allegedly arose from a Purchase and Sales Agreement. In its Original Complaint, Plaintiff alleged that the court had subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1334, which grants federal courts jurisdiction over certain bankruptcy cases and proceedings.

On February 23, 2017, the court questioned the applicability of 28 U.S.C. § 1334 to this action and ordered Plaintiff to file an amended complaint and set forth the basis for the court's

jurisdiction (Doc. 5). The court also ordered Plaintiff to state the citizenships of each party and to state why complete diversity of citizenship exists between the parties. Plaintiff accordingly filed its First Amended Complaint on March 13, 2017 (Doc. 6). After reviewing the First Amended Complaint and Defendants' Motions to Dismiss Pursuant to 12(b)(2) (Doc. 12 and Doc. 13), the court on March 14, 2018, held that Plaintiff had failed to plead adequate facts to establish that complete diversity existed between the parties and dismissed without prejudice the action for lack of subject matter jurisdiction. The court also mooted Defendants' Motions to Dismiss Pursuant to 12(b)(2) (Doc. 31). In its Memorandum Opinion and Order, the court concluded that Plaintiff failed to state its and Black Jack's states of incorporation and failed to sufficiently establish Wilson's citizenship. Specifically, as to Wilson's citizenship, the court concluded that his residency alone in Mississippi did not, for purposes of diversity jurisdiction, establish that he was also a citizen of that state, which requires a showing that the individual has a fixed residence with an intent to remain there indefinitely.

Green Riverside now contests the court's ruling and seeks permission to file a Second Amended Complaint, which is attached to its motion as an exhibit. It contends that the court has subject matter jurisdiction based on, collectively, Plaintiff's First Amended Complaint and Defendants' Special Appearances and Motions to Dismiss. Although Plaintiff contends that it stated in its First Amended Complaint that it is a Texas citizen, the First Amended Complaint contains no such allegation. Plaintiff only states that it is "a corporation with a principal place of business located in Dallas, Texas." (Doc. 6 ¶ 3). Plaintiff also contends that Black Jack acknowledges in its Special Appearance and Motion to Dismiss that Black Jack "is a corporation formed under the laws of the State of Mississippi." (Doc. 12 ¶ 3). Plaintiff contends that Wilson, too, acknowledges his Mississippi citizenship in his Special Appearance and Motion to Dismiss

by stating that he "is an individual who has resided his entire life in Mississippi." (Doc. 13 ¶ 3). These statements, Green Riverside argues, set forth sufficient facts establishing diversity of citizenship, which the court held were lacking in its order of dismissal.

Defendants, in their joint response, argue that Plaintiff has not invoked any proper justification for granting a new trial. Defendants further contend that Plaintiff, by relying on "partial information" provided in Defendants' briefs, did not meet its burden to properly plead subject matter jurisdiction and, therefore, the court correctly determined subject matter jurisdiction did not exist at the time it dismissed the action.

## II. Applicable Standard

Green Riverside requests that the court grant it a new trial or allow it to amend its "petition"[*] pursuant to Federal Rule of Civil Procedure 59(a) (Doc. 32 at 1). Rule 59(a) authorizes a court to grant a new trial on motion after the conclusion of a bench or jury trial. Fed. R. Civ. P. 59(a). In this action, no trial occurred and, therefore, this rule is not applicable to resolving Plaintiff's request for relief.

The court instead construes Plaintiff's "Motion for New Trial to Provide for Amend[ed] Petition [sic]" as a Motion to Alter or Amend a Judgment under Rule 59(e), based on the nature of the relief sought and the time at which Plaintiff filed the motion. When a party moves to challenge a court's dismissal for lack of subject matter jurisdiction within 28 days after the entry of judgment, the motion is considered under Rule 59(e) standards. *Jackson v. N.A.A.C.P.*, 575 F. App'x 256, 258 (5th Cir. 2014) ("Because [the parties] filed their motion within 28 days of the district court's order, we review it as a motion to alter or amend under Rule 59(e).") (citing *Demahy v. Schwarz*

[*] In its motion, Plaintiff refers to its pleading as a "petition." The correct appellation for a pleading filed to initiate a lawsuit in federal court is a "complaint." Fed. R. Civ. P. 3.

*Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012)); *see Robin v. U.S.*, 233 F. App'x 350, 352 (2007) (applying the 10-day period set by Rule 59(e) before the December 1, 2009 amendments changed it to 28 days); *see also Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 288 (5th Cir. 1989) (construing the plaintiff's "Motion for New Trial" as a Rule 59(e) motion to alter or amend the order because it questioned the substantive correctness of the district court's dismissal of the action and was served within the pre-amendment 10-day time period). Here, Green Riverside filed its Motion for New Trial six days after the court's issuance of its order of dismissal. As the motion was filed within 28 days of the court's order, Plaintiff's motion is appropriately reviewed under Rule 59(e).

When a party moves under Rule 59(e) for reconsideration of a dismissal based on lack of subject matter jurisdiction and requests leave to amend to properly plead jurisdictional facts, the motion is governed by Rule 15(a) considerations. *Jackson*, 575 F. App'x at 258; *see also Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). Ordinarily, a district court has greater discretion to deny a motion under Rule 59(e) than under Rule 15(a). *DeGruy v. Wade*, 586 F. App'x 652, 655 (5th Cir. 2014). Rule 59(e) motions "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted). A motion to amend under Rule 15(a), on the other hand, permits liberal amendment to facilitate determination of claims on the merits. *DeGruy*, 586 F. App'x at 655 (citation omitted).

A court is not limited to the facts alleged in a plaintiff's complaint when reviewing for subject matter jurisdiction. A district court "has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by

undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 565-66 (5th Cir. 2010) (citation omitted).

The decision to allow amendment of a party's pleadings under Rule 15(a) is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings under Rule 15(a), a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

## III. Discussion

In its motion, Green Riverside contends that there are sufficient facts in the record for the court to find that diversity jurisdiction exists. Green Riverside specifically contends that its First Amended Complaint set forth that it is incorporated and has its principal place of business in Texas, and Defendants' motions to dismiss, based on lack of personal jurisdiction, filed in response to the First Amended Complaint, set forth that Black Jack is incorporated in and has its principal place of business in Mississippi, and that Wilson is an individual domiciled in Mississippi. Green Riverside also requests leave to amend to incorporate these jurisdictional facts and attaches as an exhibit Plaintiff's Second Amended Complaint (Doc. 32-1).

Black Jack and Wilson, in response, contend that Plaintiff has not provided any justifications under Rule 59 as to why the court should reconsider its order. They argue that Green Riverside, by relying on "partial information" in Defendants' motions to dismiss, failed to meet

its burden to establish that the court has subject matter jurisdiction in this action based on diversity of citizenship.

The court first notes that the proper procedural vehicle for considering Green Riverside's motion is Rule 15(a), as Green Riverside asks the court to grant it leave to amend its complaint to plead sufficient jurisdictional facts to establish subject matter jurisdiction. In light of Rule 15(a)'s liberal amendment standard and factors for the court to consider, the court will grant Green Riverside's request. The court believes that Green Riverside has not acted in bad faith and that Defendants will not be unduly prejudiced, as they acknowledged the facts giving rise to diversity that were missing from Plaintiff's First Amended Complaint. Moreover, Defendants are not unduly prejudiced because they never drew the court's attention to the failure of Plaintiff's First Amended Complaint to properly plead allegations setting forth citizenship, even after the court had provided notice that it had concerns about the presence of subject matter jurisdiction. As the court never received any indication from Defendants that the First Amended Complaint was legally insufficient to establish complete diversity, the court assumed Plaintiff had complied with its order on February 23, 2017, directing it to plead sufficient jurisdictional facts. Had Defendants pointed out the deficiencies of the First Amended Complaint, the court would have dismissed the action immediately after it was filed, as Plaintiff failed to sufficiently allege diversity of citizenship pursuant to the court's direction and never requested jurisdictional discovery. Finally, the proposed amendment to cure the previously noted jurisdictional defects is not futile.

Plaintiff's earlier pleadings were not models of pellucid draftsmanship, as they clearly failed to set forth sufficient facts to show that diversity of citizenship existed between the parties. Plaintiff's [Proposed] Second Amended Complaint, however, adequately sets forth sufficient facts showing that diversity of citizenship **existed between the parties at the time the action was**

**initially filed and when the court dismissed it**. Thus, the court has subject matter jurisdiction to entertain this action. Had Plaintiff previously set forth sufficient allegations to establish complete diversity of citizenship between the parties, the court would not have been required to untangle this morass and deal with the issue at this late juncture. Despite Plaintiff's missteps, to rule otherwise would "exalt form over substance," as Defendants suffer no legal prejudice.

Having reviewed the record and applicable law, the court determines that complete diversity of citizenship exists in this action. Plaintiff, in its motion and [Proposed] Second Amended Complaint, has met its burden of setting forth the states of incorporation and principal places of business for both it and Black Jack, and the individual citizenship of Wilson, whose lifetime residency in Mississippi sufficiently establishes that he has a fixed residence in that state and an intent to remain there indefinitely. The incorporation of these facts into Plaintiff's motion and [Proposed] Second Amended Complaint cures the deficiencies raised by the court in its order of dismissal. The court has already determined, in a previous memorandum opinion, that the amount in controversy exceeds $75,000 exclusive of interest and costs. (Doc. 31 at 2). The court, accordingly, has subject matter jurisdiction over this action.

## IV. Conclusion

For the reasons herein set forth, the court **grants** Plaintiff's Motion for New Trial to Provide for Amend[ed] Petition [sic] (Doc. 32). Plaintiff shall file its Second Amended Complaint by January 7, 2019. If Plaintiff fails to file the amended pleading as ordered, this action will be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with a court order. Accordingly, the court's Memorandum Opinion and Order (Doc. 31) dismissing without prejudice this action for lack of subject matter jurisdiction is **vacated**. The court **directs** the clerk of court to **reopen this action** and **reinstate** Defendant Black Jack Oil Company Inc.'s

First Motion to Dismiss for Lack of Jurisdiction (Doc. 12) and Defendant Kevin L. Wilson's First Motion to Dismiss for Lack of Jurisdiction (Doc. 13).

**It is so ordered** this 2nd day of January, 2019.

Sam A. Lindsay
United States District Judge